JOHN ROLLINS, APPELLANT, V. EDWIN HOPKINS ET AL., AP-
PELLEES.

FILED OCTOBER 18, 1919. No. 20475.

Mortgages: FORECLOSURE: COUNTERCLAIM. In giving the warranty deed
in question, without any reservation, the plaintiff created a charge,
or duty, on himself by his own contract· which he is bound to
make good in a court of equity.

APPEAL from the district court for Knox county: WIL-
LIAM V. ALLEN, JUDGE. Affirmed.

W. A. Meserve and T. N. Treat, for appellant.

F. M. Scoblic and E. A. Houston, contra.

ALDRICH, J.

This is an action in equity in the district court for
Knox county to foreclose a mortgage of $475. The ap-
pellee herein appears as defendant in the foreclosure,
and it is admitted that the owner of the fee bought
the same free of incumbrance. The appellee admitted
his liability on the note and mortgage sued upon.
Plaintiff represented to the defendant that no public
road existed over the land in controversy, of any charac-
ter, and defendant claimed that the land at that time
was charged with a public highway running diagonal-
ly from a northeasterly to southwesterly direction and
that it was generally used by the public. Plaintiff after-
ward denied that such a road was ever formed or was
running in the direction claimed by the defendant.

The record discloses that this road was abandoned,
or vacated, some time in the year 1900; but again in
1909 a petition was filed for the re-establishing or
reopening of this road in controversy across the prem-
ises, and while it is true that some irregularities ex-
isted, as appears of record, yet the road was re-estab-
lished, and the petition granted, and it has been used

ever since by the public as a public road running diag-
onally across the quarter section involved.   The mort-
gage of $475 was given as a part of the purchase price
of the land..

The plaintiff gave a warranty deed at the time the
mortgage was given, but did not in any way make the
warranty subject to any incumbrance whatever; it
being a straight warranty deed with no reservations
whatever.  The defendant claims as damages the sum of
$475 by reason of the road running across the premises,
and the trial judge awarded $310.20 on this counter-
claim as damages to defendant.  It is from this finding
that plaintiff appeals.  The issue presented for decision
is:  Was it proper, just, and legal to allow this counter-
claim in the sum of $310.20?

It appears of record that on April 18, 1913, plain-
tiff and defendant entered into a contract whereby, in
consideration of the purchase, the plaintiff guaranteed
and expressly provided in the contract that the road was
to be along the "east and south line of said described
quarter section."  Then it was the intention of the
parties, at the time of the contract, sale and conveyance
of the land, that there was no road running along from
a northeasterly to a southwesterly direction diagonally
across the quarter section involved, and it also appears
of record that after the transfer had been made, and the
mortgage given, and the deed turned over to the de-
fendant, there was a regularly traveled and established
highway running in the direction as mentioned.  Then
it was that defendant made his complaint to the plaintiff,
who requested the defendant to pass a petition around
for the purpose of causing the road to be vacated and
changed along the section lines.  This the defendant
tried to do, but failed.  The record shows that on April
12, 1909, the petition before the supervisors to re-estab-
lish and allow this road was  filed, and the road was
established from northeast to southwest, the same as it
had been in 1900, and had been used at all times for

many years. Plaintiff claims that, because no damages were paid, the road is not a public highway, but the right, if any, to recover for the actual taking by the public before it was sold to defendant belongs to plaintiff. Besides, in equity, he is not entitled to treat his guaranty as a nullity, and defendant is entitled to counterclaim upon it.

The record and evidence show conclusively that the road was not where it was guaranteed to be. The defendant declared in the beginning of the negotiations that, if the road ran diagonally he did not want the land. The guaranty and other inducements of plaintiff satisfied defendant; now he is called upon to make his representations and guaranty good.

The trial court in allowing a foreclosure of the mortgage involved, and in allowing the counterclaim of $310.20, had ample evidence to sustain his position, and the same is just and equitable, and therefore

AFFIRMED.

SEDGWICK, J., concurs in the conclusion.

DEAN, J., not sitting.